IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOHN DAVID CUMMINGS,           )
                               )
           Plaintiff,          )
                               )
     v.                        )    1:23CV980
                               )
SARAH BIRDSEYE, et al.,        )
                               )
           Defendants.         )
```

## MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

## RELEVANT STANDARDS

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i).

## BACKGROUND

Asserting claims for violations of numerous federal and state statutes, including, inter alia, 42 U.S.C. § 3613, 18 U.S.C. §§ 241 and 1341, and N.C. Gen. Stat. § 14-209, as well as various constitutional provisions (see Docket Entry 2 at 3, 6),[1] Plaintiff initiated this action against at least 104 entities and individuals (collectively, the "Defendants"), including, inter alia, Guilford County, County Commissioners, Madison Woods Apartments, Hawthorne Residential Partners LLC, Criminal Magistrate C. Havnes, Loebsack & Brownless PLLC, Crystal M. Richardson, and Samantha Simpson (see id. at 2). According to the Complaint:

> All Defendants (with exception of Guilford County) by conspiracy, wilfully conspir[ed] . . . to damage Plaintiff and break and enter by forcible trespass to real property, Plaintiff[']s apartment, removing first Plaintiff[']s wife . . . with a forged counterfeited, writ of possession of real property damageing [sic] Plaintiff and wife. . . . Felony crimes were committed by the Defendants damageing [sic] Plaintiff and wife.

---

[1] Docket Entry page citations utilize the CM/ECF footer's pagination.

2

> Plaintiff claims damages of one hundred million dollars from each Defendant . . . for the conspiracy committed, . . . forcible trespass to real property, [and] conspiracy to evict Plaintiff[] by summary ejectment . . . .

(Id. at 7-9 (emphasis and internal quotations omitted).)[2]

In a prior case, Plaintiff litigated this same basic dispute against a subsection of the named Defendants. See Cummings v. Morton, No: 1:21cv716, 2022 WL 18587810, at *1-4 (M.D.N.C. Sept. 28, 2022) (recounting Plaintiff's prior complaint against, inter alia, Hawthorne Residential Partners LLC, Crystal M. Richardson, Loebsack and Brownlee PLLC, for alleged violation of his rights stemming from his eviction), judgement entered on other grounds, 2023 WL 1779861, (M.D.N.C. Feb. 6, 2023) (dismissing action without prejudice for failure to prosecute).

## **DISCUSSION**

Plaintiff's claims in this action "[are] frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the

---

[2] All caps font omitted and standard capitalization applied to Plaintiff's materials.

circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-257 (internal quotation marks omitted). According to the United States Supreme Court, factually frivolous complaints involve "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).[3] In determining frivolousness, the Court may "apply common sense." Nasim v. Warden, MD. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995). Notably, "Section 1915([e]) is aimed at the dismissal of frivolous, malicious, or repetitive lawsuits." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (concluding that "[t]he district

---

[3] Complaints presenting "[c]laims that are essentially fictitious," such as ones asserting "bizarre conspiracy theories," also merit dismissal under the substantiality doctrine. Newby v. Obama, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (internal quotation marks omitted); see also Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 289 (4th Cir. 2013) (explaining that, per the Supreme Court, "the substantiality doctrine forbids the federal district courts from exercising subject matter jurisdiction over claims that are attenuated and insubstantial, absolutely devoid of merit, obviously frivolous, or no longer open to discussion" and that "[t]he substantiality doctrine has also been equated by the [Supreme] Court with a federal court's dismissal of claims that are essentially fictitious"); O'Brien v. United States Dep't of Just., 927 F. Supp. 382, 385 (D. Ariz. 1995) ("On their face, [the p]laintiff's allegations are so bizarre and delusional that they are wholly insubstantial and cannot invoke this court's jurisdiction.").

4

court did not abuse its discretion when it rejected [the plaintiff's] attempt to relitigate [the same] claim" (internal quotation marks omitted)).

Plaintiff's prior case alleged conspiracy and violation of his constitutional rights because of "[s]ummary [e]jectment from [his] home," Cummings v. Morton, No: 1:21cv716, Docket Entry 2 at 9 (M.D.N.C. Sept. 15, 2021), just as Plaintiff's current claim alleges "conspiracy to evict [P]laintiff by summary ejectment" (Docket Entry 2 at 8), thus making it "repetitive" and "frivolous," Morris, 73 F.3d at 1317.

Further, in this case, Plaintiff fails to allege facts supporting a cause of action against Defendants. Beyond repeatedly alleging the lack of a "landlord-tenant relationship," "trespass to real property," and "conspiracy to evict Plaintiff by summary ejectment" (Docket Entry 2 at 8-10), the Complaint does not offer any factual allegations regarding Defendants' alleged violations of the Constitution or the cited statutes (see id. at 1-56). Due to the lack of comprehensible, factual allegations, the Complaint fails to establish a plausible claim against Defendants. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Accordingly, the Court should dismiss all claims against Defendants as frivolous due to their obvious conclusory character.

## CONCLUSION

The Complaint suffers from obvious defects which render it frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

May 14, 2024